## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 22, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VICKI GUNTER,**
**Claimant Below, Petitioner**

vs.)    **No. 16-1146** (BOR Appeal No. 2051439)
                     (Claim No. 2015020836)

**SUMMERS COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Vicki Gunter, by John H. Shumate Jr, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summers County Board of Education, by Marion E. Ray, its attorney, filed a timely response.

The issue on appeal is whether the claim was properly closed for temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on December 7, 2015, and stated that no temporary total disability benefits would be awarded. The Office of Judges affirmed the claims administrator's decision on July 18, 2016. The Board of Review affirmed the Order of the Office of Judges on November 9, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Gunter, a kitchen worker for Summers County Board of Education, injured her back when she fell at work on January 29, 2015. She sought treatment at Summers County ARH Hospital where she was diagnosed with a back sprain. The attending physician did not recommend that she miss any work. A report of injury completed on January 29, 2015, asserted that Ms. Gunter was cleaning pans and wrapping them in foil when she turned around and

1

slipped on the floor, injuring her back. The physician's portion was completed at Summers County ARH Hospital. Ms. Gunter was diagnosed with a back sprain as the result of an occupational injury. The physician did not state that she should miss any work.

On February 2, 2015, Ms. Gunter was treated at Family Care Clinic where she was prescribed medications and advised to follow-up with her family doctor. Ms. Gunter reported that her lower back pain continued. Another report from a follow-up on February 9, 2015, from the Family Care Clinic indicated that Ms. Gunter reported continued pain in her lower back radiating down the right thigh made worse with bending. Ms. Gunter received an injection of lidocaine and betamethasone in the right SI joint, which she tolerated well. An MRI of the lumbar spine was ordered. A physical therapy record dated February 20, 2015, indicated that Ms. Gunter was to attend physical therapy at Appalachian Regional Healthcare three times a week for four weeks.

A March 12, 2015, report from the Family Care Clinic indicated that Ms. Gunter was participating in physical therapy as directed. The low back pain eased some and was well controlled using Flexeril and Advil. The pain radiated to both legs. An MRI showed mild degenerative disc disease and a mild bulging disc in the lumbar spine. Ms. Gunter was advised to continue physical therapy and remain off work for two more weeks until re-evaluation. A report from John Schmidt, M.D., dated May 6, 2015, stated that Ms. Gunter was seen in consultation for evaluation of low back and right leg pain. Ms. Gunter's leg pain radiated posteriorly down her leg to just below the knee and she also felt that her right leg was weak. The pain started after a fall at work in January and progressively worsened. Ms. Gunter rated the pain as six out of ten and described it as aching and dull. The pain was made worse by sitting or standing too long as well as with physical activity. Ms. Gunter ambulated with non-antalgic gait. Her range of motion of the joints was full and painless without instability, normal tone without atrophy, no swelling or tenderness, deep tendon reflexes were equal and intact, and there were no pathologic reflexes, spasticity, or clonus. The straight leg test was noted to have produced back pain. The impression was low back pain and lumbar radiculopathy. The recommendation was for referral to pain management to see if Ms. Gunter's pain could be improved and to continue physical therapy. If her pain had not improved with physical therapy or pain management, surgical treatment options were to be discussed.

A May 26, 2015, report from the Family Care Clinic stated that Ms. Gunter had been out of physical therapy for over a week and reported increased stiffness and difficulty lifting her right leg. She saw Dr. Schmidt and had been referred from his office for injections to the lumbar area. Dr. Schmidt's office also recommended continued physical therapy. The physical therapist at Summers ARH reported that Ms. Gunter did not meet her goal of reduced pain, but seemed to be functionally improving. The assessment was a lumbar sprain and radiculopathy. On July 14, 2015, Ms. Gunter was seen by Brian Yee, M.D. She complained of constant pain of the right lower back which radiated down the right buttock and posterior right leg to the knee. She was evaluated by Dr. Schmidt who recommended conservative treatment prior to surgery. She tried and failed physical therapy. Ms. Gunter's effort during motor strength testing was extremely poor. The assessment was lumbar sprain, lumbar disc degeneration, and lumbar radiculopathy.

Dr. Yee examined Ms. Gunter on July 15, 2015. His report indicated that he diagnosed a lumbar sprain, radiculopathy, and sacroiliac joint tenderness on right side. Ms. Gunter was given another injection into the right sacroiliac joint. A September 24, 2015, report noted that a nerve conduction study performed and interpreted as normal. Dr. Yee examined Ms. Gunter again on October 15, 2015, and diagnosed lumbar sprain, lumbar disc degeneration, bulging lumbar disc, and lumbar radiculopathy. Dr. Yee noted that Ms. Gunter had significant excessive pain behaviors and had more pain and weakness than would be expected based on imaging studies. She had no significant findings on the nerve conduction study and had minimal findings on MRI.

The claims administrator closed the claim for temporary total disability benefits on December 7, 2015, and found that because Ms. Gunter was not disabled for three days, she was not to receive any temporary total disability benefits. Ms. Gunter was examined by Stanley Day, M.D., on April 25, 2016. As part of the report there was a section that stated that Dr. Day asserted she was temporarily and totally disabled from February 2, 2015, through June 18, 2015, and from August 10, 2015, through November 16, 2015.

On July 18, 2016, the Office of Judges determined that Ms. Gunter was not entitled to temporary total disability benefits because she was disabled for less than three days. The Office of Judges found that any remaining symptoms are related to pre-existing issues. The Office of Judges also found that the physician's portion of the report of injury stated that Ms. Gunter was diagnosed with back sprain and there was no mention that Ms. Gunter needed to miss any work. The Office of Judges found that while the Order approving the claim was not submitted, it appeared that the only compensable condition is back sprain. The Office of Judges noted that a report dated February 2, 2015, indicated Ms. Gunter should be off work for one week; however, that report contained an additional diagnosis of radiculopathy, which is not a compensable condition. The Office of Judges noted that Dr. Yee's report contained diagnoses of a lumbar sprain, radiculopathy, and sacroiliac joint tenderness on right side. Another report dated September 24, 2015, from Family Care Clinic, gave diagnoses of lumbar sprain, radiculopathy, sacroiliac pain, and muscle weakness of leg. Dr. Yee's report dated October 15, 2015, gave diagnoses of lumbar sprain, lumbar disc degeneration, bulging lumbar disc, and lumbar radiculopathy. Again, the Office of Judges noted that there was no evidence that any condition other than lumbar sprain is compensable. Additionally, Dr. Yee noted that Ms. Gunter had significant, excessive pain behaviors and had more pain and weakness than would be expected based on imaging studies. She had no significant findings on the nerve conduction study and had minimal findings on MRI. The Office of Judges found that Ms. Gunter's current condition is due to non-compensable conditions, and it is therefore found that closing the claim for temporary total disability benefits was appropriate. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on November 9, 2016.

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. The evidence of record supports the finding that Ms. Gunter was not temporarily and totally disabled under the law. Pursuant to West Virginia Code § 23-4-5 (2003), if the period of disability does not last longer than three days from the day the employee leaves work as the result of the injury, no award shall be allowed. The original treatment note for the injury did not prescribe missing any time at work. Another report indicated that Ms. Gunter should miss one

week of work. However, that report contained a diagnosis of radiculopathy, which has not been held compensable in this claim. Dr. Yee found significant pain behaviors and no significant findings on either a nerve conduction study or MRI. As the denial of temporary total disability benefits is supported by the evidentiary record, the Office of Judges and Board of Review did not err in affirming the denial.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 22, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker